The evidence was sufficient to authorize the verdict and the same having the approval of the trial judge, the court did not err in overruling the motion for a new trial, based solely on the general grounds.
Judgment affirmed. Gardner and Townsend, JJ., concur.
 DECIDED JANUARY 21, 1949.
The defendant, Walter Evans, was convicted in the City Court of Columbus of possessing and controlling non-tax-paid liquor. He made a motion for a new trial which was overruled and he excepted.
Officer E. C. McElveen testified: "I know the defendant, Walter Evans. He runs and operates a small place down on Sixth Street and Third Avenue, on the corner, in Muscogee County, Georgia. He sells cold drinks and sandwiches and he may have canned goods. I do not know what else. We had a report that he was selling whisky and we went down there to look him over. We went in the front door and he was there. We looked over his store and found some whisky glasses looking like they had been freshly used, they having the odor of whisky. I don't know whether it was bonded liquor or corn or sugar it smelled like. At the rear of the little store is a door. We went through the door into a very small yard enclosed by a wooden fence. The yard and fence are on the premises. Walter Evans operates the store and is in charge of the premises. The only entrance to the yard is through the door that I could see. Near the back door but against the fence was a small bench. The bench was about 3 feet high. The fence was about 5 feet high more or less, maybe *Page 481 
between 5 and 6 feet. It was a straight up and down frame fence. On the bench was a one-gallon jug and it was full of whisky. It was corn or sugar whisky. It had no Georgia tax stamps on it nor any other kind of stamps. Walter Evans said it was not his and he did not know whose it was and that he did not know who put it there." On cross-examination officer McElveen testified: "A small building faces east, and the side of the store runs along the sidewalk. We found the one gallon of whisky on a bench against the fence that runs along the sidewalk. Anybody could have set the whisky there on that bench. Anybody tall as me could have reached over the fence and set the gallon of whisky down on the bench. I did not see any hole in the back side of the fence. Colored people live right there, several of them in a house which is back of the back fence. The back fence butts up to their front yard, and Negroes live all around this store as it is in a Negro section." Officer M. V. Hethcox testified: "I know Walter Evans. There he sits. I have known him for a long time. We had reports on him and went down to his place. He operates a place on Third Avenue and Sixth Street, in Columbus, Georgia. We found this one gallon of whisky in this yard, back of his store. There is a small yard surrounded by a fence which is about 5 feet high. Walter Evans said it was not his whisky and we arrested him. There is no other entrance to the yard except through the back door of his store. The back door was open when we went there. This is the back door of his store." The State introduced for the purpose of showing motive, design, intent and for identification five accusations and sentences from the record of the City Court of Columbus, "the first one dated November 2, 1940, for the possession of non-tax-paid liquor, the defendant, Walter Evans, being given 6 months suspended upon the payment of a $30 fine; the next was dated July 3, 1940, in which the defendant, Walter Evans, was given 12 months suspended on the payment of $50 fine; the next was dated September 14, 1940, in which the defendant, Walter Evans, was given 12 months suspended on the payment the of $150 fine; the next was dated March 6, 1946, in which the defendant's case was dead-docketed; the next was on August 26, 1946, in which the defendant was given 12 months suspended on the payment of a $50 fine, all these *Page 482 
cases for the possession of non-tax-paid liquor. The jury convicted in one case and in the others he entered a plea of guilty." Walter Evans, the defendant, made the following statement: "I do not know who put that whisky there. I did not and it was not my whisky. If it had been I would never have left it there. I don't know who would have informed the officer I was fooling with whisky unless it was a man who lives across the street who accused me of turning him up and he said he was going to see that I paid off for turning him up. I did not turn him up. That was not my whisky. I do not know anything about it. I did not know it was there until the officers went out and brought it in my store. This fence around the back of my place on the back has about rotted and was and had been falling down. Anybody could come through the hole. I do not know anything about who put it there. I did not and did not know it was there."